FILED
CLERK, U.S. DISTRICT COURT

AUG 14 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL LOPEZ, | NO. CV 08-2872-CAS(E) |
| Petitioner, | |
| v. | ORDER ADOPTING FINDINGS, |
| J.F. SALAZAR, Warden, | CONCLUSIONS AND RECOMMENDATIONS OF |
| Respondent. | UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. section 636, the Court has reviewed the Petition, all of the records herein and the attached Report and Recommendation of United States Magistrate Judge. The Court approves and adopts the Magistrate Judge's Report and Recommendation.

IT IS ORDERED that Judgment be entered denying and dismissing the Petition without prejudice.

///
///
///

1  IT IS FURTHER ORDERED that the Clerk serve copies of this Order,
2  the Magistrate Judge's Report and Recommendation and the Judgment
3  herein by United States mail on Petitioner and counsel for Respondent.
4
5  LET JUDGMENT BE ENTERED ACCORDINGLY.
6
7  DATED: _____August 12_____, 2008.
8
9
10            _____
              CHRISTINA A. SNYDER
11            UNITED STATES DISTRICT JUDGE

1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   CENTRAL DISTRICT OF CALIFORNIA
10
11  MIGUEL LOPEZ,                  )   NO. CV 08-2872-CAS(E)
                                   )
12                 Petitioner,     )
                                   )
13       v.                        )   REPORT AND RECOMMENDATION OF
                                   )
14  JOHN F. SALAZAR, Warden,       )   UNITED STATES MAGISTRATE JUDGE
                                   )
15                 Respondent.     )
    _____)
16
17
18       This Report and Recommendation is submitted to the Honorable
19  Christina A. Snyder, United States District Judge, pursuant to
20  28 U.S.C. § 636 and General Order 05-07 of the United States District
21  Court for the Central District of California.
22
23                             **PROCEEDINGS**
24
25       Petitioner filed a "Petition for Writ of Habeas Corpus By a
26  Person in State Custody" on May 1, 2008.  Respondent filed an Answer
27  on June 2, 2008.  Petitioner filed a Reply on June 25, 2008.
28  ///

**BACKGROUND**

The Petition attempts to challenge under federal law the involuntary out-of-state transfer of California state prisoners. Petitioner has not yet presented any such challenge to the California Supreme Court (Petition at 2-8).

**DISCUSSION**

A federal court will not grant a state prisoner's petition for writ of habeas corpus unless it appears that the prisoner has exhausted available state remedies. 28 U.S.C. § 2254(b) - (c); Reese v. Baldwin, 541 U.S. 27, 29 (2004); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).[1] State remedies have not been exhausted unless and until the petitioner's federal claims have been fairly presented to the state's highest court. See Castille v. Peoples, 489 U.S. 346, 350-51 (1989); James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied, 513 U.S. 935 (1994). A claim has not been fairly presented unless the petitioner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. Duncan v. Henry, 513 U.S. 364, 365-66 (1995).

Petitioner has the burden of demonstrating he has exhausted available state remedies. Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001); Matthews v. Evatt, 105

---

[1] Contrary to Petitioner's argument, Congress has not "abrogated" the exhaustion requirement with respect to the type of claims Petitioner alleges.

2

1  F.3d 907, 911 (4th Cir.), cert. denied, 522 U.S. 833 (1997); Parra v.
2  San Jose City, 2003 WL 22384775, at *1 (N.D. Cal., Oct. 8, 2003);
3  e.g., Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981), cert.
4  denied, 455 U.S. 1023 (1982). Petitioner, who does not allege he has
5  presented anything to the California Supreme Court, plainly has failed
6  to carry his burden of demonstrating he has exhausted available state
7  remedies.

9  Petitioner still may be able to present his claims to the
10 California Supreme Court. See, e.g., In re Alcala, 222 Cal. App. 3d
11 345, 352 n.4, 271 Cal. Rptr. 674 (1990) ("A petition for writ of
12 habeas corpus is an appropriate vehicle for persons lawfully in
13 custody who seek to vindicate rights to which they are entitled while
14 in confinement"). Unless and until Petitioner does so, this Court
15 should not reach the merits of Petitioner's claims. See Rose v.
16 Lundy, 455 U.S. 509, 522 (1982).[2]
17 ///
18 ///
19 ///
20 ///

---

[2] In Rhines v. Weber, 544 U.S. 269, 277-78 (2005), the United States Supreme Court held in that, in "limited circumstances," a district court has discretion to stay and hold in abeyance a mixed habeas corpus petition pending exhaustion of state remedies. Rhines v. Weber has no applicability to a completely unexhausted petition such as the Petition here. See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); see also Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001), cert. denied, 538 U.S. 949 (2003) ("Once [respondent] moved for dismissal, the district court was obligated to dismiss immediately, as the petition contained no exhausted claims.") (citation and internal quotations omitted).

**RECOMMENDATION**

For all of the foregoing reasons, IT IS RECOMMENDED that the Court issue an Order: (1) approving and adopting this Report and Recommendation; and (2) directing that Judgment be entered denying and dismissing the Petition without prejudice.[3]

DATED: July 7, 2008.

                                          /s/
                                CHARLES F. EICK
                      UNITED STATES MAGISTRATE JUDGE

---

[3] The Court assumes, <u>arguendo</u>, that federal habeas corpus is an appropriate vehicle through which to challenge the involuntary out-of-state transfer of California state prisoners. But see <u>Crawford v. Bell</u>, 599 F.2d 890, 891 (9th Cir. 1979) ("According to traditional interpretation, the writ of habeas corpus is limited to attacks upon the legality or duration of confinement").

**NOTICE**

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file objections as provided in the Local Rules Governing the Duties of Magistrate Judges and review by the District Judge whose initials appear in the docket number. No notice of appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the judgment of the District Court.